IN UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| AIMEE PARISEAU, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ANODYNE HEALTHCARE ) <br> MANAGEMENT, INC., ) <br> PATRICK CLIFFORD, INDIVIDUALLY, ) <br> NEAL TAUB, M.D., INDIVIDUALLY, ) <br> MOUNTAIN ISLAND MANAGEMENT ) <br> SERVICES, LLC, f/k/a MOUNTAIN ) <br> ISLAND URGENT CARE, LLC, ) <br> MOUNTAIN ISLAND URGENT CARE, P.A., ) <br> f/k/a MOUNTAIN ISLAND MEDICAL ) <br> GROUP, P.A., and ) <br> MICHAEL SMITH, INDIVIDUALLY ) <br> ) <br> Defendants. ) | Case No. 3:04CV630 <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO CONSOLIDATE
AND BRIEF IN SUPPORT**

**MOTION TO CONSOLIDATE**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, plaintiff in <u>Pariseau v. Anodyne Healthcare Management, Inc., et al.</u>, Civil Case No. 3:04cv630 ("Pariseau"), hereby moves to consolidate this action for all purposes with <u>Demarse v. Anodyne Healthcare Management, Inc., et al.</u>, Civil Case No. 3:05cv71 ("Demarse"), a virtually identical action transferred to this court.

**BRIEF IN SUPPORT**

A.  Background and Procedural Posture

In this close corporation dispute, plaintiff Aimee Pariseau alleges that she was an employee of Defendant, Anodyne Healthcare Management, Inc. She further alleges that defendants failed to honor a written promise to give her an ownership interest in this corporation. Far from it, Pariseau contends that subsequent to promising her stock in Anodyne, defendants siphoned the assets of the into a third-party corporation in which Defendants – but not Plaintiff – maintain an ownership interest.

The proposes companion case, which plaintiff submits should be consolidated is Demarse v. Anodyne Healthcare Management, Inc., et al., Civil Case No. 3:05cv71. This suit presents a nearly identical set of facts and legal claims. The case is brought by plaintiff another Anodyne stockholder, Lawrence Demarse, who was also the Chairman of the Board of Anodyne.

Lawrence Demarse's complaint was filed in the United States District Court for the Middle District of Florida, Orlando Division on September 23, 2004. On February 14, 2005, the United States District Court for the Middle District of Florida, Orlando Division determined that venue in the Demarse case was proper in the Western District of North Carolina and ordered a transfer to this jurisdiction. Aimee Pariseau's complaint was

pending in the Western District of North Carolina at the time; it was filed in the instant court on December 20, 2004.

Ultimately, the defendants in Pariseau and Demarse are identical. To the extent that defendants are named in Pariseau and not in Demarse, Demarse plans to amend based on recent discovery of additional defendants. The plaintiffs' attorney is the same in both cases, and the defendants' lead attorney is the same in both cases.

Both Pariseau and Demarse have filed claims for breach of contract due to the defendants' alleged failure to deliver shares, claims for failure to pay compensation, and claims for tortious interference with business relationships, and claims for civil conspiracy to tortiously interfere with business relationships. The two cases have virtual identity of factual allegations and legal theories on the legal claims.

Attorney for the plaintiffs intends to undertake virtually identical discovery in Pariseau and Demarse. Further, attorney for the plaintiffs anticipates deponents and evidence to be virtually identical in both cases.

The Initial Attorneys' Conferences have been held in both Pariseau and Demarse, and the discovery plans are virtually identical.

The transferor court in the Demarse claim discussed many of the parallels between the two cases in its order of February 10, 2005 transferring plaintiff Demarse's case to this district.

3

Chief Judge of the United States District Court for the Middle District of Florida, Patricia Fawsett, wrote:

> Ms. Pariseau has a lawsuit pending in a North Carolina federal court which is based, in part, on the same transactions or occurrences which are alleged in the instant [plaintiff Lawrence Demarse's] lawsuit. 16-17
>
> . . .
>
> The law also frowns upon the duplication of judicial labor. These are two suits pending in different fora involving the same factual allegations, in part, and the same witnesses...

<u>Demarse v. Anodyne</u>, Civil Case No. Case No. 6:04-cv-01394-PCF-DAB (M.D. Fla. February 10, 2005), at 16-17.

    B.  <u>Argument</u>

Rule 42(a) of the Federal Rules of Civil Procedure authorizes a court to consolidate cases pending before the court involving "a common question of law or fact." "Judicial economy generally favors consolidation" <u>Switzenbaum v. Orbital Sciences Corp.</u>, 187 F.R.D. 246, 248 (E.D. Va. 1999). The standard for a common question of law or fact is broad. <u>In Re All Asbestos Cases Pending in the United States District Court for the District of Maryland</u>, 1983 U.S. Dist. LEXIS 10719, at 4 (D. MD. Dec. 16, 1983). District courts have broad discretion as to whether to consolidate and do not require consent of the parties to order consolidation. <u>Id.</u> at 5. "It is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay or expense that it would cause." <u>Id.</u>

Pariseau and Demarse satisfy the requirement for consolidation under Rule 42(a) of the Federal Rules of Civil Procedure, because they involve "a common question of law or fact." Although Rule 42(a) requires only that both cases present one common question of law or fact, in this case they present multiple common questions of law or fact. Such questions include, but are not limited to: 1) Defendants' breach of contract due to the alleged failure to deliver shares to plaintiffs; 2) Defendants' failure to pay compensation; 3) Defendants' tortuous interference with business relationships, and; 4) Defendants' civil conspiracy to tortiously interfere with business relationships.

Although Pariseau and Demarse were not filed on the same day and Demarse was transferred to this court, they are at virtually the same stage in the pretrial process. Further, the Initial Attorneys' Conferences created virtually identical discovery plans. As such, the two cases can be consolidated without prejudice to any of the parties.

Because the cases have so many common questions of law or fact, are at virtually the same stage in the pretrial process, have virtually identical discovery plans, and because consolidation will not prejudice any party, this court should exercise its discretion to consolidate in the interests of justice. Consolidation will produce significant time and expense savings for the court and the parties. To have two such

5

similar cases proceeding independently, but on a parallel track, would create duplication of effort and unnecessary expense for the court and the parties.

C. Conclusion

For the reasons set forth above, plaintiff Aimee Pariseau respectfully requests this court to consolidate this action for all purposes with <u>Demarse v. Anodyne Healthcare Management, Inc., et al.</u>, Civil Case No. 3:05cv71 (W.D.N.C. 2005).

Submitted this **25th** day of **April, 2005.**

J. CHRISTOPHER ROBBINS, FBN 581951
The Robbins Law Firm, P.A.
2100 MLK Street North, Suite C
St. Petersburg, FL 33704
727.822.8696 (tel)
877.919.5419 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that I served the foregoing:

**PLAINTIFF'S MOTION TO CONSOLIDATE AND BRIEF IN SUPPORT**

by U.S. Mail to the attorney for the defendants:

Patrick D. Sarsfield, II, Esq.
Nexsen Pruet Adams Kleemeier, PLLC
201 S. Tryon Street, Suite 1200
Charlotte, North Carolina 28202

On this **25th** day of **April, 2005.**

J. CHRISTOPHER ROBBINS, ESQ.
Florida Bar Number: 581951

6