# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO.: 3:04-CV-630

| | |
|---|---|
| AIMEE PARISEAU ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| ANODYNE HEALTHCARE ) | |
| MANAGEMENT, INC., PATRICK ) | |
| CLIFFORD, individually, NEAL TAUB, ) | |
| M.D., individually, MOUNTAIN ISLAND ) | |
| MANAGEMENT SERVICES, L.L.C. f/k/a ) | |
| MOUNTAIN ISLAND URGENT ) | |
| CARE, L.L.C., MOUNTAIN ISLAND ) | |
| URGENT CARE, P.A., f/k/a MOUNTAIN ) | |
| ISLAND MEDICAL GROUP, P.A., and ) | |
| MICHAEL SMITH, individually ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Consolidate pursuant to Fed. R. Civ. P. 42(a) and Brief in Support, both filed April 27, 2005. On May 11, 2005, Defendants filed a Response to Plaintiff's Motion to Consolidate, to which Plaintiff filed a Reply on May 20, 2005.

This Motion is now ripe for disposition by the Court. Having carefully considered the arguments of the parties, the record, and the applicable authority, the Court will <u>grant</u> Plaintiff's Motion to Consolidate for the purposes of handling discovery and pre-trial motions only. At the close of discovery, the Plaintiff may renew her motion to consolidate the case for trial.

1

# I. FACTUAL BACKGROUND

Plaintiff Aimee Pariseau ("Plaintiff" or "Pariseau") was allegedly an employee of Defendant, Anodyne Healthcare Management, Inc. ("Anodyne") from August 7, 2000, until May 2003. Plaintiff alleges that through a written agreement, Defendant Neil Taub ("Taub") and Defendant Patrick Clifford ("Clifford) guaranteed her part ownership in Anodyne through the delivery of stock. Plaintiff contends that this promise was never honored and that subsequent to the promise of the delivery of stock, Defendants Taub and Clifford sold substantially all of Anodyne's assets to Defendant Mountain Island Management Services, LLC ("Mountain Island"). Consequently, on December 28, 2004, Plaintiff filed her Complaint in this Court.

Plaintiff now seeks to consolidate the instant action with one currently pending before this Court: *Demarse v. Anodyne Healthcare Management, Inc. et al.*, Case No. 3:05cv71.[1] In that case, Plaintiff Demarse alleges to have been employed as Chairman of the Board for Anodyne. Plaintiff Demarse further alleges that he too was promised compensation in the form of shares of stock in Anodyne. Like Ms. Pariseau, Mr. Demarse claims that he never received the stock that he was promised and was never informed about the sale of Anodyne's assets to Mountain Island.

# II. MOTION TO CONSOLIDATE

Plaintiff moves to consolidate pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) states in pertinent part:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

[1] Plaintiff Demarse initially filed his Complaint in the United States District Court for the Middle District of Florida. The Middle District of Florida subsequently transferred that case to this Court.

As the rule states, a motion to consolidate must meet the threshold requirement of involving "a common question of law or fact." If that threshold requirement is met, then whether to grant the motion becomes an issue of judicial discretion. *Arnold v. Eastern Air Lines*, 681 F.2d 186, 193 (4th Cir. 1982). The Middle District of North Carolina recently addressed what factors should be considered in determining whether a motion to consolidate should be granted. The Court wrote:

> Rule 42(a) . . . allows a court to consolidate actions if they involve a "common question of law or fact." In exercising its discretion in such regard, the court should weigh the risk of prejudice and possible confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties, witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

*In re Cree, Inc., Securities Litigation*, 219 F.R.D. 369 (M.D.N.C. 2003) (citing *Arnold v. Eastern Air Lines*, 681 F.2d at 193).

As noted above, the two cases which Plaintiff seeks to consolidate question the legality of the sale of Anodyne's assets to Mountain Island, specifically as it concerns the legal rights of the minority shareholders. This single common question, while not the only one, is sufficient to meet the threshold requirement.[2] Furthermore, in the Order transferring the *Demarse* case from the Middle District of Florida to this Court, Chief Judge Fawsett noted:

> Ms. Pariseau has a lawsuit pending . . . which is based, in part, on the same transactions or occurrences which are alleged in the [Demarse] lawsuit. . . . These are two suits pending in different fora involving the same factual allegations, in part, and the same witnesses.

In sum, the threshold requirement for consolidation under Rule 42(a) of a common question of law or fact is clearly met in this case. Thus the question of whether or not to consolidate is one of

---

[2] Both cases also address numerous issues surrounding the asset transfer from Anodyne to Mountain Island.

judicial discretion, in which several factors should be considered.

Many of the reasons why cases should be consolidated include: (1) the possibility of inconsistent adjudication of common factual and legal issues; (2) unnecessary burden on parties and witnesses created by separate cases; (3) judicial economy; and (4) additional time requirements and expenses resulting from separate trials. By contrast, the reasons why cases should not be consolidated include: (1) prejudice to parties; (2) juror confusion; and (3) additional time requirements and expenses resulting from consolidation. *See Arnold v. Eastern Air Lines*, 681 F.2d 186; *In re Cree, Inc., Securities Litigation*, 219 F.R.D. at 371.

In the current action, the Defendants argue that consolidating these actions for trial would result in unfair prejudice and possible "guilt by association." (Defs.' Resp. p. 3-9). Further, Defendants argue that the fact that the *Pariseau* case is governed largely by North Carolina law and the *Demarse* case is governed in part by Florida law would result in juror confusion. (*Id.* p. 3). Notably, all of the arguments made by the Defendants in opposition to consolidation are centered around the potential for juror confusion at trial and the possible resulting prejudice to the Defendants. Defendants do not present any arguments why a motion granting consolidation until the close of discovery would present a hardship. Thus by granting the Motion to Consolidate for discovery matters and pre-trial motions, essentially all of Defendants' objections to consolidation become moot.

While there are no reasons expressed or apparent to this Court why the case should not be consolidated for discovery and other pre-trial motions, there are several reasons why consolidation is favored for that period. Plaintiff alleges that the discovery plans are nearly identical for the two cases and that both cases are at virtually the same point in the pre-trial

process. Further, as Judge Fawsett noted in the Transfer Order, many of the same witnesses and documents will be a part of the discovery process in the two cases. By consolidating the cases for the discovery process, the expense incurred by the parties and the burden on the parties and witnesses should be significantly reduced. Thus, the relative burdens and benefits fall clearly in favor of consolidation in this matter.

### III. ORDER

**IT IS THEREFORE ORDERED** that Plaintiff's motion to consolidate this case with *Demarse v. Anodyne Healthcare Management, Inc., et al.*, Case No. 3:05cv71 is **GRANTED** for the purpose of discovery matters and pre-trial motions only.

**IT IS FURTHER ORDERED** that Docket No. 3:05cv71 is designated as the lead docket number. Pursuant to Local Rule 5.1(A)(1), the Office of the Clerk will maintain only this lead case file and docket. Accordingly, the parties are advised that all documents filed subsequent to this consolidation order should bear the caption and case number of the lead consolidated case.

Signed: February 9, 2006

Richard L. Voorhees
Chief United States District Judge